The first case is U.S. v. American Home Assurance. Mr. Kenney, are you prepared to proceed? Yes, Your Honor. Nice to see you again. Nice to see you, Your Honor. Good morning, and may it please the Court, Edward Kenney on behalf of the government. This Court should reverse the portion of the opinion below where the trial court denied the government equitable interest in addition to 580 interest. The lower court, in denying equitable interest here, abused its discretion and erred as a matter of law when it concluded Mr. Kenney, you make an argument that prejudgment interest under 580 is punitive in nature, such that it cannot be compensatory, designed to make the government haul. What's your proof of the statute's punitive intent? Yes, Your Honor, that is our position. I know. The way 580 is, the plain language of 580, it's a suit, it only is an interest that comes about when the government has to sue a surety in a collection action, and it's a singular simple interest for 6%. Compensatory statutes, such as the statute 1505D, are based upon compound interest, variable interest, tracking the LIBOR rate, tracking the economic balance. So, if we were to agree that the statute was punitive in nature, doesn't the 6% allocated by the statute make the United States more than whole? Your Honor, if this Court agrees that 580 is punitive in nature, the 6% works as that deterrent effect against the surety who's failing to pay. So, when looking at equitable interest... My question was, doesn't it make the United States more than whole? The rate hasn't been close to 6%. That's true, Your Honor, for this particular period of time. Right, and for the facts of this case. But it wouldn't, it can be viewed that way, but it wouldn't carry that deterrent effect that 580, that the 6% works with. So, if you equate 580 with compensatory interest, that 6% rate is watered down. As the Court said below, the prevailing rates between the last 10 years, it's 1.7%. That reduces the deterrent effect of 580. The CIT sure seemed to look at this case specifically, and said an award was inappropriate, quote, in this case. It didn't ever say, as far as I can tell, that it couldn't award prejudgment interest under both equity and 580. That's true, Your Honor. However, that's where we're saying... So, we're back to, you're saying, this is the facts of this case. That's true, Your Honor, and that's why we're saying that there's error here, because there's error in the lower courts equating 580 with compensatory interest. Compensatory interest does, at some points, run alongside 580, when we're talking about when there's room in the bond for 1505D interest, that the surety picks up, 1505D interest runs against the importer. There's a compensatory statute that has a LIBOR rate involved. So, are you abandoning your argument that the United States has not been made whole? I'm not, Your Honor. The United States has not been made whole. I'm saying that there are instances, not in this case. Well, but we're only looking at this case. Yes, Your Honor. There are instances where 1505D and 580 run together, and that 1505D would run to the extent of the bond. Here, the bond already reached the top, just on duties alone. There was no chance to get anything, any sort of compensatory interest against the surety. There is no statute to get compensatory interest against the surety. That's why we're seeking 580 or equitable interest here. Didn't the court award 6% interest? It did. The court awarded 6% interest pursuant to the 580 statute. As this court, in the first time we were up on appeal, noted, 580 is a broad and independent statute. This court looked at the Federal Register notice that was put out in 1983, Federal Register notice. Go back to my question. My question is, you're looking at me and saying the government has not been made whole, but it received more than it would have under LIBOR. So how has not been made more than whole under the facts of this case? Your Honor, the 580 interest statute acts as a deterrent. It has a deterrent effect. It's not a compensatory interest statute. So it runs in the manner in which it's described, and it's both described in the 1986 Federal Register notice put out by Customs. The recalcitrant surety, the surety who is not paid, is going to be subject to compensatory interest in addition to a 6% interest that serves as a deterrent. So there are two types of interest, and 580 does not serve as a compensatory type interest. It's not built for that. In a changed hypothetical world where their interest rate was 12%, as we all remember we're old enough to, would, let's say you only received 6% from the court, would you  be able to get a 6% interest rate? Yes, Your Honor. We would, because there are two distinct purposes. There are two functions of these interests that we're seeking here. Are you saying, Mr. Kennedy, that while in a strictly monetary sense the government was made whole, it wasn't made whole in the statutory objective sense in terms of the goal of compensation as opposed to punitive? Exactly, Your Honor. Strictly monetarily you came out well, but in terms of the objectives of the statute you didn't. For this particular time period we did, but in the long view or in the historic view, that's not necessarily the case. And, you know, the surety can completely avoid equitable and 580 interest. They can, if they dispute a bill that Customs sends out, they can protest, pursuant to 1581A, they could prepay the funds to get into court if the protest is denied, and then if they are turned out to be right by the court, it would be the government that would be giving them interest. Let me ask you one other thing. In your, when you got up today in oral argument, you said there was an abuse of discretion because of an error of law. In the brief, you didn't really come out and say error of law, just said a generally abuse of discretion. It seems that the judge engaged in a balancing of the equitable interests here. That was kind of in line with our initial case, and I think there's another case that supports that approach. Are you saying that it's wrong as a matter of law to balance the equities? What we're saying, it's wrong as a matter of law to look at 580 interest as compensatory interest. 580 has a different function and a different purpose, and those functions and If it was compensatory interest, it would have been at the LIBOR rate, yes? If it was compensatory interest, it would have been at the LIBOR rate. It would have been that type of structure that we see. But you would have received somewhat less. Yes, but we would also be seeking 580. We're seeking dual forms of interest in order to make sure sureties do what they're supposed to do. What would the LIBOR rate have been? Your Honor, as the lower court went through and they did an analysis of the LIBOR rate and what that would have been over the 10-year period, and I think they came out to like 1.7 percent, that's true. But the LIBOR rate at that particular time period would diminish the effect of 580 interest in the 6 percent that is supposed to be the deterrent effect. We would also seek compensatory interest in addition to that. And that's not unlike statutes in the tax world or general government indebtedness statutes. Or can a court impose equitable interest as a matter of a penalty? Could a court sitting say, you know, I think that we need something greater than 580 interest? The court is, when we seek equity, we seek fair compensation. I understand that, but I'm just asking whether a court can't, as a matter of equity, impose a number that they say is punitive as well. We think the circumstances here of this particular person who didn't get the message, they need an additional whack. The presiding judge has been focusing in this case on the particular facts of this case and whether or not there's reversible error here. That sounds to me like that's a mountain that's pretty high for you to climb on the facts of this case. But I wonder why your worry, your need for some form of punishment in at least some of these cases couldn't be addressed by the government pointing to the judge and saying, well, you have the authority under your equitable side. Equity deals with unclean hands. Equity deals with people that don't behave properly. Why isn't that valve sufficient for you? I suppose since equity is a judge-made law, then I suppose that the judge could do that in effect. However, what we're seeking is to service purposes. Because you didn't ask for this case. You didn't ask for a measure, additional measure, a quack under equitable actions. It could be any number, right? What's the maximum or minimum that a court can impose under equitable actions? Well, Your Honor, what we sought was the time value of money fair compensation for the being without. But are there any limits? Could a court, for example, say, well, you know, 6% under the statute under 580. LIBOR is only 1%, but we think about 12% is the right number in this case. Your Honor, I believe that equity would be controlled by fairness concepts. So it would be what I mean. Fairness, if you're agreeing with me that a judge could take misbehavior or the need to be punished into consideration in equity, there wouldn't be any limit. The judge could tailor the penalty to the size of the offense. I think it's different from a different type of equitable relief is what you're proposing. And I think what we were seeking is equitable compensatory interest based on the time value of money and 580 interest, which is the statutory interest, which is a flat, straight 6% simple interest, which serves a different purpose. So what we're saying is... But that's a stated number, 6%, right? Yes. And so you're saying 6% is a penalty that fits all crimes. Aren't there going to be degrees? The government's going to be more upset with some importers than with others and want to admonish them a little more, maybe if they were a calcitrant, the kind of people that do this all the time, and you really want to send them the message. Why is 6% a good message if that's the same penalty you give to a person, a first offender? Well, Your Honor, 6% is specifically the statute, or 580 is specifically the statute for a calcitrant surety. But you're in essence saying that Congress decided as a matter of penalties, this is a penalty, that there's a one size fits all. One size of a penalty fits all kinds of offenses. Doesn't that seem to ascribe to Congress an odd motive? Your Honor, I wouldn't say it fits all events because it's specifically tailored for a surety, against a surety who issues a bond for duties in which the government has had to sue to collect. But you have to grant me that you can have a situation where this is the first time somebody's ever stubbed their toe in this regard and they have a few excuses as to why they did it, comparing that importer or that surety to someone who the government chases every single case. Well, Your Honor, they would have to forego the usual route of bringing their disputes to the government. They would have to forego 1581A where they could have protested and then brought a denied protest to the court. So they would choose to sit back and risk the government coming after them and risk the government seeking 580 and seeking equitable interest. So the statute 580 is specifically tailored for this particular type of failure by the surety. And it's a deterrent so that this doesn't, we never have to be here again specifically. And, you know, we've seen this case and some other cases with the same surety. And we've seen other cases with different sureties going through the 1581A route where they're not subject to 580 interest. Your appeal rises or falls with your punitive argument, right? There's not much left of your appeal if we disagree with you and we say 580 is not a punitive statute. Our appeal is the duality of 580 versus equitable compensatory interest. Where is the abuse of discretion? The only possible abuse of discretion I can see here would be if the trial court interpreted the law wrong. That is to say that they looked at both of these as being compensatory as opposed to one being punitive. So if you lose on the punitive argument, then all three legs of your stool are gone. In essence, that's true, Your Honor, in that 580, the purpose of 580 is a deterrent and an incentive that does not happen. I understood your legal argument, your abuse of discretion argument, because that's the standard of review we're using, is that whenever there's an error of law, there's automatically an abuse of discretion. That was how you were filtering your appeal through the relevant standard of review. Yes, Your Honor. So I say if we disagree with you on your legal theory, we don't have a case. That's likely true, Your Honor. However, that is the error. I need to wrap up, Mr. Kinney. You're over your time. Yes, Your Honor. So because the manner and method in which the trial court only awarded 580 and not equitable, and the fact that they equated compensatory interest with 580, it precluded the function of the two types of interest we seek. We seek both to carry out the punitive effect or the deterrent effect of 580, and we seek compensatory interest under the equity of the court. I'm going to give you two minutes for your reply. Thank you, Your Honor. We ate into your time. Mr. Shelley, nice to see you. You too, Your Honor. If you want, I'll give you another three minutes if you feel the need. I don't think I'll need it, Your Honor. Thank you. My name is Herbert Shelley. I'm the counsel for American Home Assurance. I think this is a pretty simple situation because this court, in the earlier case in this one, determined that 580 did apply to anti-dumping cases. There's a parallel case which was heard in February. Is any part of your argument different from the February argument? The only argument different would be to address Mr. Kinney's argument that 580 should be considered as a penalty instead of as interest. And I think if you look at the plain meaning of that statute, it says interest. It mentions nothing on penalty. It applies a 6% rate, which was the interest rate that the U.S. government paid to bondholders in 1799, and it was the only rate that was applicable to both sides of that equation. So clearly, from our perspective, it is an interest statute. Let me ask you, you're urging here obviously an affirmance, but can you ever envision a situation where it might be appropriate to award both 580 interest and equitable prejudgment interest? In other words, in a decision today, are we speaking for all circumstances as a hard and fast rule if we were to affirm the decision below? Or could there be a situation where both might be available? I would not think so, Your Honor, because 580 is a statutory interest, for one thing. It's not equitable interest. It's set out in the statute. And every statute cited by the government in their brief on which both penalties and interest are applicable, that was written into the statute. There is no equitable interest written into 580. So if it were to be, it would be under consideration of statutory interest that might be applicable under some circumstance. But I believe what would be the more appropriate situation, if there were to be more interest applicable than the 6%, that the child judge would take that into consideration in looking at the facts of his case and determine that there should be a greater interest applicable to compensate the government. But there are other avenues the CIT can follow if misconduct is blatant enough. Exactly. Once it's before the judge, he can look at all the facts beforehand to determine what is the appropriate interest to apply for punishment or whatever reason he may determine is there. Pretty much that's the argument. There is no abuse of discretion in what the judge did. The legal standard was to determine how to properly compensate the government in this case. The factual findings are supportable by the record, and there is nothing that serves to show that this is a 580 is a penal statute that should be applicable as interest and that equitable interest should be applied on top of it as additional compensation for the government. In fact, we have other arguments about why even equitable interest should not be applied other than just looking at the legal standard. We have our Bird Amendment argument about why this is not even government funds. This is funds that will eventually go to private parties. We have the argument that statutes that apply both penal penalties and interest, it's written in the statute when both are to be applied for different purposes. That's not the situation here. The government has helpfully defined the only issue we have to decide in this case, really, from my perspective, which is whether or not 580 is penalty. If it's not, game's over. I think that's, in this particular case, that is the issue. And if this is not a penal statute... I didn't understand the government to be making an abuse of discretion standard based on anything other than the error in law. That's correct. That's very helpful to have. So that's really pretty much our perspective on this case. We don't have a lot of the extraneous issues that are in some of these other cases. So you don't need those three minutes? I don't need the three minutes, Your Honor. Thank you, Mr. Chairman. You're welcome. Just in response to counsel's arguments, I think the duality of these two types of interests is not any different than what we see in the tax statute specifically. And the effect of each one has a specific purpose, one being a deterrent, the other being full compensation. As the Court noted, for this moment in time, it looks like 6% might be a good compensatory rate or overcompensation. But that's not the purpose of it. It's deterrent. And I ask that the Court reverse the trial court as to the failure to grant equitable interest here. Thank you. When you say for this moment in time, of course you mean for this case. Really? Well, yeah, for this case, but also for the use of the statute proceeding against all similar type cases. Thank you. Thank you. The matter will stand submitted. Thank you, counsel. Nice to see you both again.